————o————

No. 5835.

**WEST HARTLEPOOL STEAM NAVIGATION CO. vs. BENEMELIS S. S. CO. AND C. C. MENGEL BROS. & COMPANY.**

### Syllabus.

The sub-lease herein is a new contract. The lessor is not a party to the sub-lease and the sub-leasee is not a party to the original lease.

There is no contractual relation between the sub-lessee and the owner or lessor, giving a right of action to the latter against the former.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 82,018. Hon. E. K. Skinner, Judge.

Henry P. Dart, for plaintiff and appellant.

H. C. Cage, for defendant and appellee.

His Honor HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

The plaintiff company chartered the Kirkstall, one of its ships, to the Benemelis S. S. Co., for a term of four months; after using the ship about two months, the charterer sub-chartered it to Mengel Bros., at Belize, loaded her with a cargo of mahogany for New Orleans. The ship was damaged in the loading and unloading and the present suit is brought against the charterer and sub-charterer, **in solido** for the amount of the repairs.

The charterer domiciled in Mobile was not cited and the suit proceeded against the sub-charterer (brought in by attachment of its property), who pleaded an exception of no cause of action, the prescription of one year, and the employment of an independent contractor to do the loading and the unloading at both Belize and New Orleans.

The allegations of the petition are that the plaintiff leased the ship and delivered it to the charterer and that she was damaged through negligence while in the latter's custody and control and that the plaintiff was put to the expense of certain repairs and expenses "due to the refusal of the charterers to conform to their duties under the contract."

It is further alleged that the charterers claim that the injuries were not caused by them but by their sub-charterers, but that this does not release from liability the charterers who were bound "to restore the ship to the good order and condition in which she was when delievered to them."

The reference to the charter and sub-charter and to the obligations under the same, to the refusal of the charterers to perform their duties under the contract and to restore the property in the same good order and condition as when delivered, and the prayer for interest from date of expiration of the charter party instead of from date of judgment show conclusively that this is a suit **ex contractu** and not one **ex delicto**. The sub-charter contains no **stipulation pour autrui**.

If so, we are forced to the conclusion that the action will not be against the sub-charterer between whom and the ship-owner there exists no contractural relation. The charterer or lessee of the ship is responsible to the owner for any act of his or of any one holding under him, and his sub-lessee is in turn responsible to him for any damage he may cause.

In **Audubon Hotel Co. vs. Brauning, 120 La., 1098,** the Supreme Court said:

> "The sub-lease is a new contract * * *. The lessor is not a party to the sub-lease and the tenant is not a party to the original lease.
> "There is no contractural tie between the sub-tenant and the owner or lessor."

The petition does not disclose a cause of action and the judgment rejecting the plaintiff's demand is correct. Our examination of the record would lead us to the same conclusion on the merits.

Judgment affirmed.

St. Paul, J., recused.

Opinion and decree, May 19th, 1913.

Rehearing granted, June 23rd, 1913.